**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Criminal No. 11-cr-058-01-JL

<u>Michael Ekola</u>

**<u>ORDER OF DETENTION PENDING TRIAL</u>**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on May 11, 2011, for the purpose of determining whether to detain the defendant. The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with drug offenses that carry maximum sentences of ten or more years.

In this case, the defendant is charged by indictment with two counts of Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1); one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1); and one count of Possession of an Unregistered NFA Firearm, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871.  The drug charges satisfy the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness") 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

18 U.S.C. § 3142(e)(3)(A). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not disappear.

The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 F.2d at 1416.

### Findings and Rulings

In the instant case, the court finds probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Thus, § 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

For the reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the defendant's release, even on strict conditions, presents an unacceptable risk of danger to the community.[1]

---

[1] For the reasons stated on the record, the court found defendant's release on strict conditions would not pose a risk of flight sufficient to detain him.

4

Specifically, with respect to dangerousness, the court weighed the following:

- <u>Weight of evidence</u>.  The weight of the evidence in this case is overwhelming.  Defendant sold drugs on two separate occasions to an undercover agent.  On the second occasion, defendant also sold a sawed-off, unregistered firearm to the undercover agent.  Defendant concealed the firearm behind the doorframe of a closet in his residence.  When asked by the agent whether the firearm was "dirty," defendant reported that there were "no identifiable marks on it."
- <u>Nature of crimes charged</u>.  Defendant is charged with dealing drugs, selling a firearm, and possessing a firearm while being a convicted felon.  The dangerous nature of these crimes is a factor weighing heavily in favor of detention. <u>Criminal record</u>.  Defendant has lengthy criminal history, which includes convictions for an assault, two resisting arrests, one forged prescription, three possession of controlled drug (one of which was heroin), two driving while intoxicated, one control of premises where controlled drug kept, and one violation of a protective order and one violation of probation.  The steady flow of criminal convictions throughout defendant's adult life provides

> strong evidence that defendant is unlikely to abide by conditions of release in this case.

- <u>Drug use</u>.  By his own admission, defendant has a lengthy history of drug abuse, as summarized in the pretrial services report, dating back to 1996, when he injured his back.  Defendant's abuse of drugs was witnessed by the undercover agent, when, during one of the drug sales, defendant crushed and injected an Oxycodone pill.  Defendant's drug addiction is serous and untreated.  This factor, along with the others mentioned above, weighs in favor of a dangerousness finding.

For all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of

an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

    **SO ORDERED.**

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date:  May 12, 2011

cc:  Jonathan R. Saxe, Esq.
     Debra M. Walsh, Esq.
     U.S. Marshal
     U.S. Probation